UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN SCHICOBRA YOUNG,

    Plaintiff,

v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND
COMMUNITY SUPERVISION, et al.,

    Defendants.

22-CV-6555-MAV

ORDER

---

## INTRODUCTION

Before the Court is New York State Department of Corrections and Community Supervision's ("DOCCS") motion to dismiss, which was filed on June 3, 2024. ECF No. 18. The motion to dismiss targeted Plaintiff's original complaint and first amended complaint, both filed *pro se*. ECF Nos. 1, 12. On April 24, 2024, United States District Judge David G. Larimer, issued a screening order pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), allowing Plaintiff's claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132 *et seq.*, and § 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 794(a) *et seq.*, against DOCCS to proceed to service. ECF No. 13. Plaintiff's other claims were dismissed. *Id.* After Plaintiff did not respond to DOCCS' motion to dismiss his remaining ADA and Rehab Act claim, Judge Larimer appointed *pro bono* counsel for the limited purpose of assisting Plaintiff in filing a second amended complaint. ECF No. 20. In that text order, Judge Larimer also stated:

> After reviewing the pleadings, it appears that plaintiff may have a plausible basis for his claims, but they are not adequately pleaded. In particular, the facts now pleaded separately in the original and amended complaints should be set forth in one complaint; plaintiff should allege what steps he has take[n] to obtain replacement hearing aids; and *he should allege facts showing what services or programs have been denied to him as a result of his lack of hearing aids.*

*Id.* (emphasis added). Once *pro bono* counsel was appointed in November 2024, Judge Larimer reiterated that there was a pending motion and stated that a second amended complaint "may or may not moot the pending motion to dismiss." ECF No. 24.

This case was transferred to the undersigned on January 7, 2025. ECF No. 25. Plaintiff's counsel filed a Second Amended Complaint on February 28, 2025. ECF No. 27. The Second Amended Complaint realleges Plaintiff's ADA and Rehab Act claim against DOCCS for the taking of his hearing aids in 2005 by staff at the Wende Correctional Facility ("Wende"), which deprived him of access to Wende programs. *Id.* at 1–5. It also adds three claims under 42 U.S.C. § 1983 for violations of the Eighth Amendment due to deliberate indifference to Plaintiff's medical needs. *Id.* at 6–8. These section 1983 claims are brought against John Gull — the Wende audiologist – and two John Doe correction officers who allegedly ordered Plaintiff to remove his hearing aids, confiscated them, and/or failed to respond to Plaintiff's repeated requests to have them returned. *Id.* at 1–4, 6–8.

The Court finds that the Second Amended Complaint does not moot DOCCS' motion to dismiss Plaintiff's ADA and Rehab Act claim and the motion must be granted. Therefore, the ADA and Rehab Act claim is dismissed. DOCCS' motion does

2

not bear on Plaintiff's three Eighth Amendment claims. Therefore, the Eighth Amendment claims will proceed to service.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Id*.; *see ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555)).

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This tenet is, however, inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*.

## DISCUSSION

As did Judge Larimer, the Court analyzes Plaintiff's claim(s) under Title II of the ADA and section 504 of the Rehab Act simultaneously. *See Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (treating ADA and Rehab Act claims brought by a state prisoner "identically" where the "subtle distinctions" between the two statutes were not at issue). To state a plausible claim, Plaintiff must allege that (1) he is a qualified individual with a disability; (2) DOCCS is a public entity; and (3) Plaintiff is being excluded from participation in, or being denied the benefits of, some service, program, or activity offered by DOCCS. *Id.*

In the initial screening order, Judge Larimer allowed only this claim to proceed to service, though he noted the "vagueness of the allegations" that Plaintiff "has been denied hearing aids for the ones lost several years ago and that this prevents him from participating in programming and other services provided to inmates at Wende." ECF No. 13 at 8. This "vagueness" was one of the targets of DOCCS' motion to dismiss. It argued that Plaintiff alleged that he simply "is unable to effectively participate in the program[s], services, and receive the benefits [of] NYS DOCCS offered to all incarcerated individuals," (quoting ECF No. 1 at 6), but that there "is no information in either of Plaintiff's complaints [original or first amended] to show how his access to any programs, services, or benefits, was [a]ffected, impeded, or blocked." ECF No. 18-1 at 6–7. After review, the Court finds that this is true of Plaintiff's Second Amended Complaint as well.

Plaintiff's amended ADA and Rehab Act claim against DOCCS still fails to allege facts showing what services or programs have been denied to him as a result of his lack of hearing aids or how he has been denied meaningful access to such programs and services. *See* ECF No. 27 at 1–5; *Henrietta D. v. Bloomberg*, 331 F.3d 261, 269 (2d Cir. 2003) (discussing "meaningful access"). Plaintiff's Second Amended Complaint alleges that "[a]s a result of his lack of hearing aids," he "faced significant risks to his health and safety" and "was deprived of the opportunity to participate in the programs and services offered by DOCCS." ECF No. 27, ¶¶ 36–37. Such threadbare recitals do not moot DOCCS' motion to dismiss, and the claim against DOCCS must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to sufficiently plead the third element of a Title II ADA and Rehab Act claim. *See Iqbal*, 556 U.S. at 663; *Wright*, 831 F.3d at 72; *see also Lincoln Cercpac v. Health & Hosp. Corp.*, 977 F. Supp. 274, 280 (S.D.N.Y. 1997), *aff'd sub nom. Cercpac v. Health & Hosps. Corp.*, 147 F.3d 165 (2d Cir. 1998) (granting motion to dismiss § 504 of Rehab Act and ADA claims where plaintiffs alleged they were being denied "specialized diagnostic, treatment[,] and rehabilitative services," but did not allege that they had been "denied a service that the abled received" or "any supportable facts upon which the court could conclude that they ha[d] been denied equal access to a general health care service"); *Murphy v. State of Delaware*, No. CV 21-415-CFC, 2024 WL 1178545, at *4 (D. Del. Mar. 19, 2024) (granting motion to dismiss § 504 of Rehab Act and ADA claims because although plaintiffs pleaded thirteen "benefits and

services" that they were denied, they failed to allege how such denials were related to their disability).

## CONCLUSION

For the foregoing reasons, DOCCS' motion to dismiss is granted. Plaintiff's First Cause of Action in his Second Amended Complaint is dismissed without prejudice. His Eighth Amendment deliberate indifference to medical needs claims against John Gullo, John Doe I, and John Doe II were not the subject of the motion to dismiss and will proceed to service.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office ascertain the full name of John Doe I and John Doe II in this case, whom Plaintiff alleges worked at the Wende Correctional Facility in Alden, New York, in 2005. The Attorney General ("AG") is also requested to provide addresses where Defendants can currently be served. The AG need not undertake to defend or indemnify the individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*. The AG is directed to produce the information specified above within **35 days** of entry of this Order. Once this information is provided by the AG, the Second Amended Complaint shall be deemed amended to reflect the full name of each Defendant, and service is directed without further order.

## ORDER

IT IS HEREBY ORDERED that DOCCS' motion to dismiss, ECF No. 18, is GRANTED, dismissing Plaintiff's ADA and Rehab Act claim against DOCCS (First Cause of Action in Second Amended Complaint, ECF No. 27 at 4–5); and it is further

ORDERED that the Clerk of Court cause the United States Marshal to serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant John Gullo without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that the Clerk of Court forward a copy of this Order and the Second Amended Complaint by email to Attorney General's Office in Rochester, New York; and it is further

ORDERED that the Clerk of Court mail a copy of this Order and the updated docket to Plaintiff directly at his address on file; and it is further

ORDERED that pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to answer the Second Amended Complaint upon service.

SO ORDERED.

Dated:    March 17, 2025
          Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE