UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN SHICOBRA YOUNG,

      Plaintiff,

v.

THE STATE OF NEW YORK, et al.,

      Defendants.

_____

22-CV-6555-MAV
ORDER

*Pro se* Plaintiff John Shicobra Young, a prisoner confined at the Sullivan Correctional Facility, commenced this action in November 2022. ECF No. 1. After several attempted amendments and the adjudication of Defendants' motions to dismiss, by Order dated March 21, 2025, the Court directed the Clerk of Court to prepare the necessary papers so that the United States Marshals Service ("USMS") could serve Defendant John Gullo ("Defendant Gullo") with the Summons, Second Amended Complaint, and March 21 Order.[1] ECF No. 31. The USMS attempted to

---

[1] The Court also notes that it issued a Text Order on April 30, 2025, stating in part:

> The Court directed service of *pro se* Plaintiff's Eighth Amendment claims for deliberate indifference to medical needs against John Gullo, John Doe I, and John Doe II, and directed the New York State Attorney General's Office to ascertain the names of John Does I and II. ECF No. 31; *see Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam). On April 25, 2025, the Attorney General's Office reported that it has reviewed records connected to this case and worked with the New York State Department of Corrections and Community Supervision (DOCCS) but has been unable to identify John Does I and II. ECF No. 33. **Plaintiff is directed to submit a letter to the Court and the Attorney General's Office with any additional information he has about John Doe I and/or John Doe II, including but not limited to physical descriptions, shifts worked, other instances of contact with Plaintiff, or other identifying information as soon as possible. Plaintiff is on notice that if John Does I and II cannot be identified timely, Plaintiffs case will not be able to proceed against them.**

ECF No. 34 (emphasis added).

serve Defendant Gullo by mail at the Wende Correctional Facility, P.O. Box 1187, 3622 Wende Road, Alden, New York, 14004-1187. *See* ECF No. 35 at 1–2. On May 19, 2025, the USMS returned a Process Receipt and Return (USM-285) stating that Defendant Gullo failed to acknowledge service by mail. *Id.* at 2.

## ORDER

Accordingly,

IT IS HEREBY ORDERED that the New York State Attorney General, Rochester Regional Office ("Attorney General") ascertain the last known service address for Defendant John Gullo. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam); *see also Akande v. Philips*, 386 F. Supp. 3d 281, 297 (W.D.N.Y. 2019) (pursuant to *Valentin*, "the Court hereby directs the United States Attorney for the Western District of New York to ascertain Philips' last known service address") (collecting cases). The Attorney General need not undertake to defend or indemnify Defendant Gullo at this juncture. This Order merely provides a means by which Plaintiff may properly serve Defendant Gullo as instructed by the Second Circuit in *Valentin*. The Attorney General shall produce the information specified above by **July 3, 2025**; and it is further

ORDERED that the Attorney General shall return Defendant Gullo's contact information either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the Pro Se Litigation Unit, United States District Court, 100 State Street, Rochester, New York, 14614; and it is further

ORDERED that once this information is provided, the Clerk of Court shall reissue summons and cause the USMS to serve copies of the Summons, Second

2

Amended Complaint (ECF No. 27), the Court's Order dated March 21, 2025 (ECF No. 31), and this Order upon Defendant Gullo, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Should the *Valentin* response return personally identifiable information such as a home address, Defendant Gullo's contact information shall be given to the USMS solely for the purpose of effecting service, and this information will otherwise remain confidential; and it is further

ORDERED that the Clerk of Court shall send a copy of this Order to the Assistant Attorney General who has appeared in the action by email at john.marsella@ag.ny.gov.; and it is further

ORDERED that if Defendant Gullo fails to acknowledge service by mail and the USMS is compelled to personally serve him, this Court may hold Defendant Gullo responsible for the cost of such personal service. N.Y.C.P.L.R. § 312-a(b); *accord* Fed. R. Civ. P. 4(d)(2); and it is further

ORDERED that the deadline to effect service is extended ninety (90) days from the date the Clerk's Office reissues summons. *See* Fed. R. Civ. P. 4(m); and it is further

ORDERED that if service is not complete within ninety (90) days of the date of the reissued summons, Plaintiff must file a motion with the Court requesting an extension of time to effect service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

SO ORDERED.

Dated:     June 5, 2025
           Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE